CHANCERY.

## Campbell *vs.* Mayhugh.

Case 20.

### APPEAL FROM FLEMING CIRCUIT.

1. The defendant to an action at law pleaded two valid pleas in bar; the defendant failed to reply; judgment was entered, that "the plaintiff failing to reply to the first and second pleas of defendant, filed herein, on the calling of the cause for trial, it is ordered that this suit be dismissed at the cost of the said plaintiff." Held— that, though informal, this was a valid judgment in bar.
2. If there be a judgment in bar to a suit on a note, *it cannot be used as a set-off in any future controversy* between the parties.

Case stated.

Thadeus C. Campbell recovered a judgment before a justice of the peace for $48 20 against the appellee, for services rendered as counsel and attorney at law. The appellee filed his bill in equity enjoining the judgment at law in the Circuit Court of Mason county, and by an amended bill set up and relied upon as a set-off a note for $385, which he held upon the appellant, and prayed that so much of it as might be necessary to extinguish the appellee's judgment might be applied as a set-off against said demand, and a decree over for the remainder. The appellant answered, alleging that the note for $385 was obtained by fraud, and was given for a note on one John Dickson, which was assigned without recourse, and upon false and fraudulent representa-

tions as to its genuineness, and the proof that could be adduced to insure its collection. Appellee denied the fraud alleged in the sale of the note on Dickson. The appellant also relied upon a judgment in bar entered in his favor in a suit brought by appellee against him in the Mason Circuit Court, on the note for $385.

The Circuit Court perpetuated the injunction of the appellee to the judgment at law, and decreed against the appellee the balance due upon the note for $385; and he has appealed to this court.

*H. Taylor,* for appellant—

The judgment of the Circuit Court of Mason county in the suit of Mayhugh vs. Campbell, on the note for $385, is a bar to any claim of Mayhugh to any set-off of that note against the judgment of appellant, and to any and all subsequent proceedings upon said note, either at law or in equity. The defense set up to that note, if true, was a complete bar, and Mayhugh, the plaintiff in the action, failing to reply, to all legal intents, admitted its truth. It is as binding upon him as the verdict of a jury sworn to try the issue presented by the plea. (*See Carlisle vs. Long,* 5 *Litt.* 167; *Lamme vs. Sanders,* 1 *Monroe,* 263.) The judgment is actually upon the merits of the case as presented by the parties. The entry of the judgment may not perhaps be in apt form, but it contains the substantial requisites of a judgment in bar of plaintiff's right to recover. It dismisses his action; and whilst that judgment remains unreversed, precludes the plaintiff from bringing any other suit upon the same cause of action. It does not fall within the reasoning employed by the court in the case of *Harris vs. Tiffany,* 7 *B. Monroe,* 225. That case sustains the position here assumed. The question of the propriety of the decree over against Campbell for the balance of the note of $385, it is thought unnecessary to discuss.

*W. H. Cord and F. Hord,* on the same side—

1. The judgment of the Mason Circuit Court in the suit of Mayhugh vs. Campbell upon the note for $385 was a judgment in bar, and forever bars any suit upon or further use of the note for any purpose either at law or in equity. To ascertain the effect to be given to that judgment, it is proper to look at the state of the pleading when the plaintiff failed to reply, and thereby determine the character of the judgmont which it was proper to enter. (*See* 3 *Litt.* 380,) and if it is apparent that it was proper that a judgment in bar should have been entered, though .it may not in every respect be technically formal, it will be treated as a judgment in bar. In this case valid pleas in bar were filed, and the defendant failed to reply. The judgment then should have been a judgment in bar of the action, and not a dismissal for want of prosecution. It was a judgment in bar—a dismissal at the costs of the plaintiff, because "the plaintiff failed to reply to the first and second pleas," and is final. (*See Carlisle vs. Long,* 5 *Litt.* 167; *Hayden vs. Booth,* 2 *Marshall,* 354; *Moore vs. Locket, 1b.* 527; *McCampbell vs. McCampbell,* 5 *Litt.* 92; *Ib.* 314.)

2. The Circuit Court had no jurisdiction to decree a set-off *pro tanto* as it did, much less to decree over against Campbell for the balance of the note after satisfying the judgment. There is no proof of Campbell's insolvency, and the remedy at law was clear, if any existed, and a jury, the appropriate tribunal to decide the questions of fraud, forgery, &c. charged in the transaction in regard to the note of Dickson, and the sale of it to Campbell. A reversal is prayed for.

*L. M. Cox and . Trimble,* for appellee—

1. No objection was taken to the jurisdiction of the Circuit Court in that court, and is here suggested for the first time; moreover, the appellant in that court submitted to that jurisdiction, and invoked its

aid to cancel the note of $385, and that court had the power to settle the whole controversy.

2. The dismissal of the suit, in the Mason Circuit Court, brought to enforce the payment of the note for $385, presents no bar to a recovery of that note in a subsequent suit. It was a mere dismissal for want of prosecution. There was no trial upon the merits; no confession of the matter of defense presented by the pleas. A failure to answer the pleas did not authorize a judgment in bar of the action; but if such judgment had been authorized, no such judgment was rendered. The judgment rendered was a discontinuance of the suit, and no more. (*Harris vs. Tiffany*, 8 *B. Monroe*, 226–7.)

3. The proof clearly shows that the appellant was fully apprised of all the facts in regard to the note purchased of appellee, and purchased at his own risk. The decree is right, and an affirmance is asked.

Judge CRENSHAW delivered the opinion of the Court.

December 28.

To the suit at law, brought by Mayhugh against Campbell, upon the note for $385, two pleas were pleaded by Campbell in bar of the action. Either of these pleas, if true, was a bar to the suit. They were not replied to by Mayhugh, and must be taken as true.

In this state of the pleading, the judgment of the court was: "The plaintiff failing to reply to the first and second pleas of defendant, filed herein on the calling of the cause for trial, it is ordered that this suit be dismissed at the costs of the said plaintiff." This judgment, under the state of pleading, though informal, was, in substance, a complete bar to the action. The defendant, for want of replication, was entitled to a judgment in bar, and such we understand to be the informal order of the court. The suit was dismissed at the costs of the plaintiff for want of replication, which is the same, in substance, as if the judgment had said in form: "The plaintiff

1. The defendant to an action at law pleaded two valid pleas in bar; the defendant failed to reply; judgment was entered, that "the plaintiff failing to reply to the first and second pleas of defendant, filed herein, on the calling of the cause for trial, it is ordered that this suit be dismissed at the

CAMPBELL
*vs.*
MAYHUGH.

costs of the said plaintiff." Held —that, though informal, this is a valid judgment in bar.

having failed to reply to the first and second pleas of defendant, filed herein, it is considered by the court that the plaintiff take nothing by his suit, but go hence without day, and that defendant recover against the plaintiff his costs herein expended." The pleas were in bar; the plaintiff failed to answer them, and the suit was dismissed at his costs. This is substantially as much a bar to the suit, as the most formal entry would make it. The judgment is neither in substance nor in form a non-suit, but a judgment in bar.

The principle decided in the case of *Harris vs. Tiffany & Co.* 8 *B. Monroe*, 226, is not applicable to this case. The judgment pleaded in bar in that case, was a simple judgment or order of dismissal with costs, upon the motion of the plaintiffs in the suit, by their attorney, with leave to withdraw the note sued on. The defendants in the suit had neither appeared nor plead to the action, and the leave to withdraw the note implied that the dismissal was not to operate as a bar.

2. If there be a judgment in bar to a suit on a note, it cannot be used as a set-off in any future controversy between the parties.

The judgment of the court in the action upon the note for $385, having been a judgment in bar, it follows that Mayhugh had no right to a set-off for any part of the note against the judgment in favor of Campbell, nor to a decree against Campbell upon the same. We think there can be no question that Mayhugh did not show himself entitled to relief against the judgment in favor of Campbell before the justice of the peace.

Wherefore, the decree is reversed, and the cause remanded, with directions that complainant's injunction be dissolved, and his bill and amended bills be dismissed.